IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICKY LEE PENDLETON,**

    **Petitioner,**

**v.**                                                                              **Civil Action No. 3:16cv83**
                                                                                   **(Judge Bailey)**

**DAVID BALLARD, Warden,**

    **Respondent.**

## REPORT & RECOMMENDATION

## I. INTRODUCTION

On June 20, 2016, Ricky Vincent Pendleton (Petitioner) filed a *pro se* petition under 28 U.S.C. § 2254 challenging his state court conviction in Berkeley County, West Virginia. Petitioner raises 16 grounds for relief. On July 11, 2016, Petitioner paid the $5 filing fee. On August 31, 2016, this Court ordered Respondent to show cause on the limited issue of the timeliness of the petition. ECF No. 12. On September 28, 2016, Respondent filed a Motion to Dismiss Petition as Untimely together with 425 pages of exhibits and a memorandum in support. ECF Nos. 14 & 15. On September 28, 2016, a *Roseboro* Notice[1] was issued to inform Petitioner of his right to file responsive material. ECF No. 16. On October 5, 2016, Petitioner filed a [Response] to Show Cause for Equitable Tolling with 286 pages of exhibits. ECF No. 18. On October 14, 2016, Respondent filed a Reply [ECF No. 21], and on October 26, 2016, Petitioner filed a Second Response. ECF No. 23 This matter is now pending before this Court for a Report and Recommendation pursuant to LR PL P 2.

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

1

## II Standard of Review

A motion to dismiss a § 2254 petition is treated as Rule 12(c) motion for judgment on the pleadings. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); Fed. R. Civ. P 12(c). A court considering a motion for judgment on the pleadings under Rule 12(c) applies the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6). Burbach Broad Co. V. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). A court must accept all facts pleaded by the § 2254 petitioner as true and draw all reasonable factual inferences from those facts in the petitioner's favor. Walker, 589 F.3d at 139 (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

If evidence outside the pleadings is tendered to and accepted by the Court, the motion for judgment on the pleadings is converted into a motion for summary judgment under Rule 56, with one important exception. Burbach, 278 F.3d at 406 (citing A.S. Abell Co. V. Baltimore Typographical Union, 338 F.2d 190, 193 (4th Cir. 1964)); Fed. R. Civ. P. 12(d). The motion is not converted into a summary judgment motion if the Court considers documents and facts of which it may take judicial notice. Id. (citing R.G. Fin. Corp. V. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)). The Court may take judicial of certain facts which are not subject to reasonable dispute, Fed. R. Evid. 201, and of the existence and contents of various types of official documents and records. Id. (citing Lovelace v. Software Specctrum, 78 F.3d 1015, 1018 (5th Cir. 1996) (documents filed with government agencies); Anderson v. FDIC, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990)(records of bankruptcy court); Bratcher v. Pharm. Prod. De., Inc., (545 F.Supp.2d 533 n. 3 (W.D.N.C. 2008) (EEOC complaints and right-to-sue notices)). Noting no objection from Petitioner to the truth of the state court record, and in light of the fact that he has submitted numerous

court documents himself, the undersigned takes judicial notice of the various court filings offered in support of Respondent's Motion to Dismiss and Petitioner's responses.

### III. State Proceedings

**1. Conviction**

On July 24, 1998, a jury in Berkeley County, West Virginia, found Petitioner guilty of: (1) kidnapping with a recommendation of mercy; (2) malicious assault; (3) grand larceny; and (4) aggravated robbery. By order entered on September 11, 1998, Petitioner was sentenced as follows:

(1) for the Charge of Kidnapping to a term of his natural life; however, in accordance with the verdict of the jury, he shall receive mercy and shall receive parole consideration after ten years;

(2) for the Charge of Malicious Assault to a term of not less than two years nor more than ten years;

(3) for the Charge of Grand larceny to a term of not less of one year nor more than ten years; and

(4) for the Charge of Aggravated Robbery to term of sixty years.

All sentences were consecutive to each other and consecutive to the previously imposed Federal Sentence.[2] ECF No. 14-2 at 2-3.

---

[2] On June 13, 1996, a jury in the United States District Court for the Northern District of West Virginia found Petitioner guilty of carjacking in violation of 18 U.S.C. §§ 2119 and 2. On December 16, 1996, he was sentenced to a term of 151 months of incarceration, 5 years supervised release and restitution in the amount of $52,506.96. See Criminal Case No. 3:96-cr-00001-JPB-JES.

**2. Direct Appeal**

On February 22, 1999, the Supreme Court of Appeals of West Virginia ("WVSCA") granted Petitioner an extension of time up to April 1, 1999, within which to file an appeal. ECF No. 14-3. On March 31, 1999, Petitioner, by counsel, filed his Petition for Appeal in which he argued that the Circuit Court erred by: (1) imposing an excessive sentence, (2) not striking a juror for bias and (3) admitting his recorded statement. ECF No. ECF No. 14-4. On June 16, 1999, the WVSCA refused the Petition for Appeal. ECF No. 14-5.

**3. Petition for Evidentiary Hearing**

On April 27, 2001, Petitioner filed a "Petition for Evidentiary Hearing for Expunging of the State Conviction" in the Circuit Court of Berkeley County. ECF No. 14-6 at 2. Petitioner alleged six assignments of error: Although it is not clear, it would appear that the Circuit Court transferred the petition to the WVSCA, where it was construed as praying for writ of mandamus to be directed to the Circuit Court of Berkeley County and the State of West Virginia. On April 1, 2002, the writ was refused. ECF No. 14-7 at 2.

**4. Motion for Habeas Corpus Relief** (Case No. 03-C-556).

On May 28, 2002, the Circuit Court received a letter dated April 18, 2002, from Petitioner which indicated that the Petition for Evidentiary Hearing was, in fact, intended to be a habeas petition. ECF No. 14-8 at 3. Accordingly, on May 29, 2002, the Circuit Court appointed James Rich as Petitioner's counsel. ECF No. 14-9 at 2. On October 4, 2002, the Circuit Court dismissed Mr. Rich as Petitioner's counsel and appointed Margaret Gordon. ECF No. 14-10 at 2.

On October 1, 2003, with the assistance of counsel, Petitioner filed a Motion for

Habeas Corpus Relief. ECF No. 14-11. Petitioner alleged 14 grounds for relief. The Circuit Court dismissed the petition on the basis that it did not have jurisdiction over the matter because Petitioner was still serving his federal sentence and had not begun to serve his sentence for the state conviction. ECF No. 14-12 at 2-4.

On August 11, 2004, Margaret Gordon filed a Motion to Withdraw. ECF No.14-13. In the Motion, Margaret Gordon represented to the Circuit Court that she had urged Petitioner to allow her to file an appeal of the matter, but that "on two separate occasions, Mr. Pendleton has written that he does not want the ruling appealed at this time, and that he would let Mrs. Gordon know his standing on this issue in the future." Id. at 2. On August 12, 2004, the Circuit Court entered an Order to Withdraw, permitting Margaret Gordon to withdraw as Petitioner's counsel and stating that "[i]t appears the Petitioner does not desire to go forward with the petition and it is deemed withdrawn and shall be retired." ECF No. 14-14.

**5. Transfer To West Virginia Correctional Facility**

On February 25, 2007, Petitioner was transferred from federal custody to state custody. ECF No. 14-15.

**6. Writ of Prohibition** (Case No. 07-C-679).

On July 11, 2007, Petitioner filed a Petition for Writ of Prohibition. ECF No. 14-16. The Writ refers to the preceding as being commercial in nature, mentions commercial law throughout, discusses discharge and set off of the debt, and purports to provide affidavits of default that suggests that the action pertains to a private contract. The Writ failed to provide any legal claim or factual allegations supporting any relief, and the Circuit Court

denied and dismissed the petition. ECF No. 14-17.

On August 28, 2007, as part of the same case, Petitioner filed a Writ of Habeas Corpus. ECF No. 14-18. Petitioner alleged what appears to be 10 assignments of error. On January 11, 2008, the Circuit Court entered an Order which provided that the "Court notes that the Petitioner appears to suffer from some delusions and therefore dismisses the petition for Habeas Corpus without prejudice and appoints Margaret Gordon, Esquire to represent the petitioner on the Habeas Corpus issues." ECF No. 18-18 at 2. There is no record that Petitioner appealed this decision.[3]

**7. Writ of Coram Nobis** (Case No. 08-C-17).

On January 8, 2008, Petitioner filed a Writ of Error Coram Nobis. ECF No. 14-19. Petitioner also sought a Writ of Quo Warranto. Simultaneously, Petitioner also filed a Petition for Habeas Corpus. ECF No. 14-20. The petition was essentially the same as the Petition for Habeas filed in Case No. 07-C-679, alleging the same grounds for relief. On January 11, 2008, the Circuit Court summarily denied Petitioner's petitions for Writ of Coram Nobis, Writ of Quo Warranto and Habeas Corpus, without prejudice, as not stating any legally cognizable claim. ECF No. 14-21. The Circuit Court also appointed Petitioner counsel to represent him in a habeas. Petitioner moved for reconsideration, but on August 7, 2008, the Circuit Court denied the motion. ECF No. 14-22.

**8. Appeal of Case No. 08-C-17**

---

[3]The undersigned notes that Petitioner maintains that he did petition for an appeal which was refused by the WVSCA on June 11, 2009. However, the exhibit he attached relates to Civil Action 08-C-17, and the Circuit Court's decision entered on August 7, 2008. ECF No. 18-19 at 2. Despite this fact, the undersigned has tolled the period from August 28, 2007, until June 11, 2009, as discussed in the body of this Report and Recommendation.

On August 12, 2008, Petitioner filed a Notice of Intent to Appeal. ECF No. 14-23. On April 14, 2009, Petitioner filed a Motion for Habeas Corpus relief with the WVSCA[4]. ECF No. 14-24. Petitioner alleged 15 errors. The WVSCA denied the Petition for Appeal on June 11, 2009. ECF No. 14-25. On August 10, 2009, Petitioner filed a petition for Writ of Certiorari in the Supreme Court of the United States ("SCOTUS"). ECF No. 14-26. SCOTUS denied Certiorari on January 19, 2010. ECF No. 14-27.

**9. Rule 35 Motion to Reduce Sentence**

On September 8, 2009, Petitioner filed a Rule 35 Motion to Reduce Sentence. ECF No. 14-28. On September 11, 2009, the Circuit Court denied Petitioner's motion as untimely. ECF No. 14-29.

**10. Petition for Writ of Habeas Corpus** (Case No. 10-C-172)

On March 1, 2010, Petitioner filed another Petition for Writ of Habeas Corpus. ECF No. 14-30. Petitioner asserted 10 grounds for relief. The Circuit Court consolidated the matter with Case No. 10-C-670. (infra) ECF No. 14-31.

**11. Petition for Writ of Habeas Corpus** (Case No. 10-C-695)

On August 20, 2010, Petitioner filed another Petition for Writ of Habeas Corpus. ECF No. 14-32. Petitioner asserted eight grounds for relief. The Circuit Court consolidated the matter with Case No. 10-C-670. (Infra). (ECF No. 14-33).

**12. Petition for Writ of Habeas Corpus** (Case No. 10-C-670).

On August 11, 2010, Petitioner filed another Petition for Writ of Habeas Corpus. ECF

---

[4]The Motion appears to be a copy of a Motion for habeas corpus relief that was prepared by counsel and originally filed in the Circuit Court of Berkeley County on October 1, 2003 in Case No. 03-C-556.. Petitioner crossed out some things and indicated that it was a *pro se* filing.

No. 14-34. Petitioner asserted eight grounds for relief. On August 30, 2010, the Circuit Court dismissed the consolidated petitions, without prejudice, as inconsistent and granted leave to file a single comprehensive petition. ECF No. 14-35.

On April 27, 2011, Petitioner filed an amended petition, listing thirty assignments of error. ECF No. 14-34. On April 26, 2012, the Circuit Court denied Petitioner's habeas. ECF No. 14-37.

### 13. Appeal of Case No. 10-CV-670.

On May 29, 2012, Petitioner filed a Notice of Appeal to the WVSCA. ECF No. 14-38. On May 24, 2013, the WVSCA issued a Memorandum Decision affirming the Circuit Court's denial of Petitioner's habeas. ECF No. 14-39.

### 14. Motion To Reduce Sentence and Relief Pursuant to Rule 35(a) and 60(b)

On January 18, 2013, Petitioner filed a Motion for Reduction and relief of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure and Rule 60(b) of the West Virginia Rules of Civil Procedure. ECF No. 14-41. Upon review of the motion and the response of the State, the Circuit Court denied Petitioner's motion on February 14, 2013, in a 15-page Order. ECF No. 14-42. On March 18, 2013, the Circuit Court entered a second order denying Petitioner's Motion to Reduce Sentence. ECF No. 14-43.

### 15. Petition for Writ of Habeas Corpus (Case No. 14-C-639).

On October 7, 2013, Petitioner filed yet another Petition for Writ of Habeas Corpus.[5]

---

[5]The petition was filed on October 7, 2013, but the Circuit Clerk inadvertently filed the petition in his criminal case and wrote "10-C-670" at the top of the petition. On September 15, 2014, at the request of Petitioner, the Clerk opened a new case number – 14-C-639 for that petition. On December 18, 2015, the Circuit Judge entered an order reciting these facts and noting that a new case should have been created on October 7, 2013. Accordingly. the Circuit Judge entered a nunc pro tunc order correcting the clerical error and recognizing the official

ECF No. 14-44. Petitioner alleged 14 grounds for relief. On November 26, 2014, the Circuit Court summarily denied and dismissed the petition. ECF No. 14-45.

**16. Appeal of Case No. 14-C-639.**

On December 22, 2014, Petitioner filed a Notice of Appeal. ECF No. 14-46. On November 6, 2015, the WVSCA issued a Memorandum Decision affirming the Circuit Court's denial of Petitioner's habeas. ECF No. 14-47. The Mandate issued on December 7, 2015. ECF No. 14-48. Petitioner file a Petition for Writ of Certiorari. Just over six months later, on June 20, 2016, Petitioner filed this § 2254 petition.

## IV. DISCUSSION

The sole issues for resolution at this time are whether the instant § 2254 petition is timely, and if not, whether Petitioner is entitled to equitable tolling. In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

---

record date of 14-C-639 as October 7, 2013. ECF No. 18-38.

could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner was sentenced in the Circuit Court of Berkeley County on September 11, 1998. The Supreme Court of Appeals of West Virginia ("WVSCA") refused Petitioner's appeal on June 16, 1999. He then had 90 days to seek review of his conviction by the United States Supreme Court. See United States Supreme Court Rules 13.1; Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Because he did not file a petition for writ of certiorari, his conviction became final on September 14, 1999, the date the time expired for him to file a petition for writ of certiorari. Consequently, under the strictest interpretation, Petitioner had one year from September 14, 1999, or until September 13, 2000, to file a §2254 petition.

However, a petition for a writ of habeas corpus is not a substitute for pursuing state

10

judicial remedies. 28 U.S.C. §2254.[6] To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief ... by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 US 440, 443 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by the petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995) and Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971).

In this case, because Petitioner raised only three grounds for relief in his direct

---

[6] 28 U.S. C. §2254(b)(1) provides that:

an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is either an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

11

appeal, he could not have exhausted each of the sixteen claims raised in his § 2254 petition. Therefore, to the extent that he has exhausted his claims, he could have done so only by filing a habeas petition in the Circuit Court of Berkeley County, West Virginia and then appealing any denial to the WVSCA. This Court recognizes that Petitioner did not begin filing his multitude of pleadings with the Circuit Court until April 27, 2001, which was more than one year after his sentence became final. However, upon review of the pleadings and West Virginia Code § 53-4A-1(a), this Court believes that Petitioner was prevented from exhausting his state remedies as a result of the interpretation the State of West Virginia gave to that provision of the Code.

West Virginia Code § 53-4A-1(a) (2008), provides, in part, that "[a]ny person convicted of a crime and **incarcerated** under sentence of imprisonment ... may file a petition for wit of habeas corpus ad subjiciencum[.]" [Emphasis added]. In State ex rel. Richey v. Hill, 216 W.Va. 155, 160-61, 603 S.E.2d 177, 182-83 (2004), the WVSCA observed that West Virginia Code § 53-4A-1(a) established a jurisdictional base for habeas relief: "[H]abeas lies only for one 'convicted of a crime and incarcerated under sentence of imprisonment therefore[.].

As previously noted, when Petitioner finally filed a habeas petition on October 1, 2003, the Circuit Court dismissed the petition on the basis that it did not have jurisdiction over the matter because Petitioner was still serving his federal sentence and had not yet begun to serve his sentence for the state conviction. ECF No. 14-12. Therefore, it appears that from the time he was sentenced by the Circuit Court of Berkeley County until he was released from the custody of the BOP on February 25, 2007, to begin serving his state sentence, he was prevented from exhausting his state remedies, and thus prevented from

pursing this § 2254 petition.[7] Accordingly, this Court has examined this matter from the date he entered State custody (February 25, 2007) forward to determine whether Petitioner filed this § 2254 petition within the one-year statute of limitations.

The first habeas petition filed by Petitioner after his release from federal custody on February 25, 2007, was on August 28, 2007, a lapse of 184 days. Respondent acknowledges that the statute of limitations remained tolled through the Circuit Court's denial of that petition and the denial of his petition for appeal on June 11, 2009.[8] The one year statute of limitations began to run again on June 12, 2009, and expired 181 days later on December 10, 2009.[9]

Although Petitioner filed another Petition for Writ of Habeas Corpus on March 1,

---

[7] In reaching this conclusion, the undersigned acknowledges that no attempt to file a habeas petition was made until October 1, 2003. Furthermore Petitioner directed his counsel not to appeal the circuit court's refusal to hear the petition for lack of jurisdiction. However, out of an abundance of caution, the undersigned has calculated the timeliness of this § 2254 motion from the date Petitioner was released from federal custody.

[8] Respondent and Petitioner have also calculated that the statute of limitations was tolled through January 19, 2010, when SCOTUS denied Certiorari on January 19, 2010. However, the United States Supreme Court has explicitly ruled that the time for cert following the denial of habeas relief does not toll the one year of statute of limitations. See Lawrence v. Florida, 549 U.S. 327 (2007). Turning to § 2244(d)(2), the Court determined that read naturally, "the text of the statute must mean that the statute of limitations is tolled only while state courts review the application...After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state post conviction review no longer exists. The application for state post conviction review is therefore not 'pending' after the state court's post conviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence at 1082-1083. See also Bowers v. Seifert, 2011 WL 4916444 (N.D.W.Va. 2011).

[9] Although Petitioner agues that he filed a Rule 35 Motion for Reconsideration on September 8, 2009, which was denied on September 11, 2009, only a properly filed state collateral attack can trigger ADEPA's statutory tolling provision. See Pace v. DiGuiglielmo, 544 U.S. 408 (2005); Artus v. Bennett, 531 U.S. 4 (2000); Esclante v. Watson, 488 F.App'x. 694 (4th Cir. 2012) (unpublished opinion). Petitioner's Rule 35 motion could not toll the statute of limitations because it was filed past the 120 day deadline and was dismissed as untimely. Moreover, even if counted, those four days would not salvage Petitioner's § 2254 petition.

13

2010, neither it nor the subsequent petitions filed on August 11, 2010, August 20, 2010, and October 7, 2013, could toll the one-year limitations period as there was nothing left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Consequently, Petitioner filed this § 2254 petition more than **six years, six (6) months** after the statute of limitations under § 2244 (d)(1)(B) expired.

The undersigned recognizes that the time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In his response to the State's Motion to Dismiss, Petitioner asserts a claim for equitable tolling. Petitioner argues extensively as to why equitable tolling should apply to the time period which this Court has already "tolled" in its calculation. More particularly Petitioner argues that his trial counsel did not provide competent representation and did not act with reasonable diligence and promptness in filing a direct appeal from his conviction of in filing a state habeas petition, as promised. In addition, Petitioner argues that W.Va. Code § 53-4A-1(a), as discussed above, prevented him from filing his state habeas until he was

released from federal custody. Neither of these arguments assist Petitioner in establishing the timeliness of this § 2254 petition because this Court did not "start the clock" until February 25, 2007. Petitioner makes no credible argument that would entitle him to equitable tolling for any period after February 25, 2007, and in particular, for the period between December 7, 2015, when the WVSCA issued its mandate denying Petitioner's last state habeas petition, and June 16, 2016, the date he signed his § 2254 petition.[10] Therefore, Petitioner's § 2254 is grossly untimely.

## V. RECOMMENDATION

Accordingly, the undersigned recommends that Respondent's Motion to Dismiss be [ECF No. 14] be **GRANTED**, and the Petition for [ECF No.1] be **DISMISSED WITH PREJUDICE** as being untimely. In addition, the undersigned recommends that Petitioner's Motion to File Supplemental Exhibits to be added to the recently filed Reply to Show Cause for Equitable Tolling [ECF No. 19] be **DENIED** because the exhibits relate to a time period which has been excluded from the undersigned's calculation of the one year statute of limitations. The undersigned also recommends that Petitioner's Motion for Reconsideration from the District Court's Order Denying Petitioner's Motion Concerning Acquiring the May Term 1996 State Proceeding [ECF No. 25] and Amended Motion for Reconsideration of the same [ECF No. 27] be **DENIED AS MOOT.** Finally, the undersigned recommends that the Petition for Writ of Mandamus [ECF No. 31] be **DENIED** because a federal writ of

---

[10]Even if the Court were to find some reason to apply equitable tolling for the entire period between March 1, 2010, when Petitioner file his second state habeas petition after being released from federal custody and December 7, 2015, when the WVSCA issued the last mandate, and June 16, 2016, when Petitioner filed this § 2254 petition, 636 days would have elapsed, far surpassing the 365 days contained in the one year statute of limitations.

15

mandamus will not lie to compel a state officer to perform a duty allegedly owed to a petitioner.[11]

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

DATED: May 25, 2017.

          */s Robert W. Trumble*
          ROBERT W. TRUMBLE
          UNITED STATES MAGISTRATE JUDGE

---

[11] The Writ is directed to Michael D. Lorenson, Judge for Berkeley County Circuit Court and the official court reporter and/or other court reporters for the Berkeley County Circuit Court and seeks disclosure of the May term, 1996 grand jury transcripts in case number 96-F-103.