# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RICKY LEE PENDLETON,**

    Petitioner,

v.
                           **CIVIL ACTION NO. 3:16-CV-83**
                           **(BAILEY)**

**DAVID BALLARD, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 32]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on May 25, 2017, wherein he recommends this Court dismiss the petitioner's § 2254 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket indicates the petitioner accepted service on June 1, 2017 [Doc. 33]. Petitioner timely filed his objections on June 19, 2017 [Doc. 34]. Accordingly, this Court will conduct a *do novo* review of those portions of the R&R to which objections were made; the remainder of the R&R will be reviewed for clear error.

## Discussion

Petitioner is serving, among other things, a sentence of life with mercy after being found guilty at trial of (1) kidnapping with a recommendation of mercy; (2) malicious assault; (3) grand larceny; and (4) aggravated robbery. Since that time, petitioner has filed the following: (1) a direct appeal to the Supreme Court of Appeals of West Virginia ("WVSCA"), which was denied; (2) a petition for evidentiary hearing, which was denied; (3) a Motion for Habeas Corpus with the Circuit Court of Berkeley County (Case No. 03-C-556), which was dismissed; (4) a Writ of Prohibition (Case No. 07-C-679), which was denied and dismissed; (5) a Writ of Coram Nobis (Case No. 08-C-17), which was denied and dismissed without prejudice; (6) reconsideration of the ruling on the Writ of Coram Nobis, which was denied; (7) another Notice of Appeal of Case No 08-C-17, which was denied; (8) a petition for Writ of *Certiorari*, which was denied; (9) a Rule 35 Motion to Reduce Sentence, which was denied as untimely; (10) a Petition for Writ of Habeas Corpus in each of three separate cases (Case Nos. 10-C-172, 10-C-695, 10-C-670), which were

consolidated and dismissed without prejudice; (11) a Notice of Appeal in Case No. 10-C-670, in which the WVSCA affirmed the Circuit Court's denial of petitioner's habeas petition; (12) a Motion for Reduction pursuant to Rule 35(a) and West Virginia Rule of Criminal Procedure 60(b), which was denied; (13) a petition for Writ of Habeas Corpus in Case No. 14-C-639, which was denied and dismissed; and (14) a Notice of Appeal in Case No. 14-C-639, in which the WVSCA affirmed the circuit court's denial. On June 20, 2016, the petitioner filed the instant § 2254 petition.

As the R&R notes, the only issues which need resolved for purposes of the instant petition are whether the § 2254 petition is timely, and if not, whether the petitioner is entitled to equitable tolling. This Court answers both issues in the negative.

In 1996, Congress passed the AEDPA, establishing a one-year limitations period for all federal habeas corpus petitions. Under the Act, the limitations period begins to run from the last of:

1. The date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

2. The date on which the impediment to filing a motion created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;

3. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

As noted by the magistrate judge in his R&R, the petitioner was sentenced in the Circuit Court of Berkeley County on September 11, 1998. The WVSCA refused petitioner's appeal on June 16, 1999. He then had 90 days to seek review of his conviction by the United States Supreme Court. Because he did not file a petition for writ of *certiorari*, his conviction became final on September 14, 1999. Therefore, he had one year from then, or until September 13, 2000, to file a § 2254 petition. When petitioner finally filed a habeas petition on October 1, 2003, the Circuit Court dismissed the petition on the basis that it did not have jurisdiction over the matter because he was still serving his federal sentence and had not begun serving his sentence for the state conviction. Accordingly, it appears that from the time he was sentenced by the Circuit Court of Berkeley County until he was released from the custody of the BOP on February 25, 2007, to begin serving his state sentence, he was prevented from exhausting his state remedies, and thus prevented from pursuing the instant § 2254 petition. As such, the R&R has accounted for this time, and has examined this matter from the date petitioner entered State custody – February 25, 2007 – forward to determine whether he filed the instant petition within the one-year statute of limitations.

The R&R notes that the first habeas petition was filed 184 days after petitioner was released from federal custody. The statute of limitations was then tolled through the Circuit

4

Court's denial of that petition and the denial of his petition for appeal on June 11, 2009. The one-year statute of limitations thus began to run again on June 12, 2009, and expired 181 days later on December 10, 2009. Accordingly, the petitioner's instant § 2254 petition was filed approximately six years, six months after the statute of limitations under § 2244(d)(1)(B) had expired.

Petitioner does assert a claim for equitable tolling. The AEDPA statute of limitations is subject to equitable modifications such as tolling. ***Harris v. Hutchinson***, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" ***United States v. Sosa***, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted). The R&R correctly explains that none of the above apply in this case.

Petitioner argues that his trial counsel did not provide competent representation and did not act with reasonable diligence and promptness in filing a direct appeal from his conviction or in filing a state habeas petition, and W.Va. Code § 53-4A-1(a) prevented petitioner from filing his state habeas until he was released from federal custody. Neither of these arguments save the instant petition because this Court did not start the clock until February 25, 2007. Since petitioner makes no credible arguments that would entitle him to any tolling after February 25, 2007, his petition is untimely.

5

In his Objections, the petitioner argues actual innocence. Having reviewed the twenty-four pages of objections, however, it is clear to this Court that the petitioner attempts to do no more than to relitigate his trial. He alleges no new evidence; rather, petitioner simply argues that the evidence established at trial could not have lead to a conviction. The jury found otherwise. Nevertheless, this is not the type of "actual innocence" claim for which § 2254 relief is available.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 32]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The Respondent's Motion to Dismiss **[Doc. 14]** is **GRANTED**. Accordingly, this Court **ORDERS** that the § 2254 petition **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. The Petitioner's Motion for Reconsideration from the District Court's Order Denying Petitioner's Motion Concerning Acquiring the May Term 1996 State Proceeding **[Doc. 25]**, the Amended Motion for Reconsideration of the same **[Doc. 27]**, and Motion to File Supplemental Exhibits to be Added to the Recently Filed: Reply to Show Cause for Equitable Tolling **[Doc. 19]** are **DENIED AS MOOT**. Finally, the Petition for Writ of Mandamus **[Doc. 31]** is **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 7, 2017.

*/s/ John Preston Bailey*
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE